UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  09-60723 CIV-JORDAN

EL-AD RESIDENCES AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit corporation,

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY, a
foreign corporation, and WESTCHESTER
INDEMNITY COMPANY, a foreign corporation,

    Defendants.
_____/

**EL-AD'S RESPONSE TO DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION TO DISMISS COUNTS I, V, VI, AND VII OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, El-Ad Residences At Miramar Condominium Association, Inc. ("El-Ad"), by and through its undersigned counsel, and pursuant to the *Federal Rules of Civil Procedure*, hereby submit its Response to the Defendant's, Westchester Surplus Lines Insurance Company ("Westchester"), Motion to Dismiss Counts I, V, VI, and VII of Plaintiff's Complaint, [D.E. 13], and states:

**MEMORANDUM OF LAW**

**1.**    **Legal Standards**

    **A.**    **The Federal Rules**

The Federal Rules of Evidence and the Federal Rules of Civil Procedure were enacted in order to secure fairness in the administration of justice, to guarantee that the truth would be

Case 0:09-cv-60723-CMA   Document 22   Entered on FLSD Docket 08/05/2009   Page 2 of 16

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

ascertained, and proceedings would be determined justly.  Fed.R.Evid. 102.  See Fed.R.Civ.P. 1. "These rules were not designed to be manipulated unfairly, by any party in a legal proceeding, so as to obscure the truth."  Rosebud Sioux Tribe v. A&P Steel, Inc., 733 F.2d 509, 522-523 (8th Cir. 1984). As succinctly stated by the Supreme Court:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1.

Foman v. Davis, 371 U.S. 178, 181-182, 83 S.Ct. 227, 230 (1962).

      **B.**    **Standard of Review for Dismissal for Failure to State a Claim**

A motion to dismiss tests the sufficiency of the complaint; it does not decide the merits of the case. See Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla.2004). Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although detailed allegations are not required, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility exists when "the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). This plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Case 0:09-cv-60723-CMA   Document 22   Entered on FLSD Docket 08/05/2009   Page 3 of 16

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. Beck v. Deloitte & Touche et al., 144 F.3d 732, 735 (11th Cir.1998). The Eleventh Circuit has noted that "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir.1995).

**2.    Analysis**

**A.    El-Ad's Complaint States A Claim for Breach of Contract**

A breach of contract is a "violation of a contractual obligation by failing to perform one's own promise, by repudiating it, or by interfering with another party's performance." Black's Law Dictionary 200 (8th ed.2004). A "material breach" excuses the innocent party from further performance and allows the recovery of damages. *Id.* To set forth a claim for breach of contract, Florida law requires the plaintiff to allege: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. Vega v. TMobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009).

In the present case, the first prong is satisfied by the existence of the insurance contract between El-Ad and Westchester. As to the second prong, El-Ad alleges that Westchester materially breached the insurance contract "by failing to adjust [El-Ad's] claim and determine the value of its lost or damaged property and by failing to pay [El-Ad] the actual cash value of its lost or damaged property," and "by failing to adjust, pay and/or settle [EL-Ad's] actual cash value claim and in so doing, frustrated [El-Ad's] ability to make the repairs necessitated by Hurricane Wilma." (D.E. 1, pp. 20-21). See also D.E.1, p. 24. El-Ad further claims that

Case 0:09-cv-60723-CMA   Document 22   Entered on FLSD Docket 08/05/2009   Page 4 of 16

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

Westchester's material breaches resulted in "millions of dollars in damages," satisfying the third prong. (D.E. 1, pp. 21 and 24). Taking all well-pled facts to be true, and viewing them in the light most favorable to El-Ad, the allegations are sufficient to show all elements of a breach of contract claim.

### B.     Westchester's "Exhaustion" Argument Is Contrary To Florida Law

Westchester's argument that it should be dismissed from the case because El-Ad has not exhausted the policy limits of its primary insurer, Mt. Hawley Insurance Company ("Mt. Hawley") was recently addressed in Bray & Gillespie IX, LLC v. Hartford Fire Insurance Co., No. 6:07-cv-326-Orl-DAB, 2009 WL 1513400 (M.D. Fla. May 27, 2009)[1]. In Bray & Gillespie, the excess carrier moved for summary judgment, arguing that because the primary insurance policy limits have not been exhausted, the excess carrier "cannot yet be liable as a matter of law." Id. at *7. The court rejected the excess insurer's position "that the failure to exhaust [primary] policy limits to date means no suit can be brought against" it. Id. "As Plaintiff has alleged a claim under the [excess] Policy, [excess insurer] cannot claim immunity from this suit." Id. Denying the excess insurer's motion, the Bray & Gillespie court concluded that "[t]here is a difference between a condition precedent to liability and a condition precedent to litigation." Id.; accord Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co., 623 A.2d 1133, 1140 (Del. Super. Ct. 1992) (denying dismissal of excess insurers from declaratory action brought by products liability defendant against primary and excess insurers because primary policy limits would likely be exhausted and excess coverage implicated).

---

[1] Whether intentional or not, Westchester's motion to dismiss failed to mention the one case from a Florida Federal Court that has addressed the "exhaustion" issue: Bray & Gillespie IX.

4

Katzman Garfinkel Rosenbaum LLP
250 Australian Avenue South, Suite 500, One Clearlake Centre, West Palm Beach, Florida 33401
Telephone: (561) 653-2900 Facsimile: (561) 820-2542

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's
Motion to Dismiss Counts I, V, VI, and VII*

Here, accepting allegations of the Complaint as true, El-Ad has asserted that Westchester breached its contract with El-Ad.  Accordingly, Westchester cannot claim immunity from suit. Westchester argues that El-Ad cannot state a claim against it, relying on its policy provision stating that "liability attaches to [Westchester] only after the Underlying Insures(s) have paid or have admitted liability for the full amount of their respective ultimate net loss liability . . ." (D.E. 13, p.3).  However, Westchester's argument that liability will not attach until the primary insurance limit is exhausted does not grant it immunity from suit.  El-Ad may still bring a claim under Westchester's policy and liability will not attach until the damages are determined to exceed the primary insurance limit.  For purposes of the Motion to Dismiss, however, El-Ad's factual allegations that Westchester breached the policy allow this Court to draw the reasonable inference that Westchester is liable for its misconduct.

Westchester's "exhaustion" argument is also refuted by the decision in <u>Reliance Ins. Co. v. Transamerica Ins. Co.</u>, 826 So. 2d 998 (Fla. Dist. Ct. App. 2001).  In <u>Reliance Ins. Co.</u>, the insured (a spa) sued its primary and excess insurers in order to recover for the $20 million in damages caused by Hurricane Andrew.  The primary insurer's limit was $10 million and the excess carrier's limit was $40 million.  The spa settled its claim against the primary insurer for $9.85 million and assigned its claim against the excess carrier for the amount of damage that exceeded $10 million to the primary carrier.  The excess carrier moved for summary judgment claiming that the settlement for less than $10 million did not exhaust the primary policy.  The

Case 0:09-cv-60723-CMA Document 22 Entered on FLSD Docket 08/05/2009 Page 6 of 16

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

trial court denied the excess insurer's exhaustion claim, and the Third District Court of Appeal affirmed the ruling.[2]

On appeal, the excess insurer argued that its policy provided coverage "only after all primary insurance is exhausted." Id. at 999. Since the primary insurer paid less than its insurance limit, the excess insurer maintained that "the primary insurance was not exhausted and the excess carrier owes nothing." Id. The Third District rejected this "exhaustion" argument and held that the excess insurer was liable for the amount of loss that exceeded the $10 million primary policy limit. Since the language contained in Westchester's policy is similar to the language used by the excess insurer in Reliance Ins. Co., El-Ad is entitled to pursue its breach of contract claim against Westchester for the amount of loss that exceeds the $1 million primary policy limit. Thus, the Court should follow the ruling in Reliance Ins. Co. and reject Westchester's unsupported "exhaustion" argument.

Further, the cases Westchester relies upon do not stand for the proposition that "Plaintiff cannot assert an action against an excess insurance carrier until the primary insurance is first exhausted." (D.E. 13, p. 4). For example, in Grife v. Allstate Floridian Insurance Co., 493 F. Supp. 2d 1249, 1254 (S.D. Fla. 2007), the condominium owner's insurance policy provided that the coverage was "excesses over any insurance collectible under any policy" covering the association of unit owners. In dicta, the Grife court explained that the owner's policy provided coverage only for losses incurred in excess of the condominium association's policy limit and which were not subject to the association's deductible. Id. Citing Twin City Fire Insurance Co.

---

[2] The trial court awarded summary judgment to the excess insurer because the primary insurer was judicially estopped from pursing a claim against the excess insurer.

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

v. Fireman's Fund Insurance Co., 386 F. Supp. 2d 1272 (S.D. Fla. 2005), another case relied upon by Westchester, the court in Grife found that a deductible is considered primary insurance, which must first be exhausted before the unit owner's policy applies. Id. at 1255.

Here, El-Ad is not asserting that the deductible in Mt. Hawley's policy is not insurance. Thus, Westchester's reliance on Grife and Twin City Fire Insurance Co. is misplaced. Finally, the last case upon which Westchester relies, Employers Insurance Co. v. National Union Fire Insurance Co., 2008 WL 1777807, at *8 (M.D. Fla. Apr. 18, 2008), is an order that has been vacated. Moreover, Employers Insurance Co. does not stand for Westchester's proposition that a cause of action cannot be asserted against the excess insurer until the primary insurance is exhausted.

    **C.    El-Ad's Complaint Properly Alleges That All Conditions Precedent Have Occurred**

Westchester's argument that the Complaint should be dismissed based on Westchester's assertions that El-Ad failed to meet all post-loss contractual obligations is not properly before this Court on a Motion to Dismiss. This issue was most recently addressed in Riviera South Apartments, Inc. v. QBE Insurance Corp., No. 07-60934-CIV, 2007 WL 2506682, at *3 (S.D. Fla. Aug. 30, 2007) (summarizing that issue raised in motion to dismiss or in alternative motion for summary judgment, was whether plaintiff insured breached contract and failed to satisfy condition precedent to suit by failing to comply with EUO provision). Although the Riviera South complaint alleged that the insured had complied with all conditions of the policy, QBE[3]

---

[3] In Riviera South, QBE was represented by the same law firm that is representing Westchester in this case. Yet, for reasons unknown, counsel for Westchester failed to bring the Riviera South decision to this Court's attention.

Case 0:09-cv-60723-CMA Document 22 Entered on FLSD Docket 08/05/2009 Page 8 of 16

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

moved to dismiss the complaint, arguing that an examination under oath, which was "a condition precedent to the filing of lawsuit under the insurance contract[,] was not met." Id. Denying the motion to dismiss, the Southern District Court emphasized that "[t]aking this allegation [in complaint] as true, as this Court must in considering a Rule 12(b)(6) Motion to Dismiss, the Court concludes that the allegations in Plaintiff's Complaint do support the cause of action asserted." Id.

Similar to the complaint allegations in Riviera South that had to be taken as true, the allegation in El-Ad's Complaint that all conditions precedent have occurred, (D.E. 1, p.4), must be taken as true. Accordingly, the allegations do support the causes of action asserted, and thus, Westchester's motion to dismiss must be denied.

Further, the cases that Westchester cites in support are distinguishable because they were decided on a motion for summary judgment, where the court may review documents extraneous to the complaint in determining whether the movant is entitled to a judgment as a matter of law. See, e.g., Fassi v. Am. Fire & Cas. Co., 700 So. 2d 51, 53 (Fla. Dist. Ct. App. 1997) (affirming summary judgment for insurer); Purvis v. State Farm Fire & Cas. Co., 901 F.2d 944, 945 (11th Cir. 1990) (same); see also Stringer v. Fireman's Fund Ins. Co., 622 So. 2d 145, 146 (Fla. Dist. Ct. App. 1993) (affirming final judgment).

**D.    Inquiry Into Reasons for Filing the Complaint Are Irrelevant**

Westchester's assertion that this Complaint should be dismissed because it was filed to take advantage of statutory reasons is without merit and does not warrant the relief requested. Notably, Westchester fails to cite any authority for its proposition that a complaint should be dismissed because of allegedly improper intentions. Indeed, in ruling on a motion to dismiss, the

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

district court limits is analysis to the four corners of the complaint.  E.g., Trolley Boats, LLC v. City of Holly Hill, Fla., No. 08-10453, 2009 WL 174946, at *1 (11th Cir. Jan. 27, 2009).  On its face, El-Ad's Complaint stated enough plausible facts to state a claim for relief.

### E. Westchester Omits Any Legal Authority in Support of its Duplicative Argument

In section "D" of its motion to dismiss (D.E. 13, p. 6), Westchester cites no authority, and merely repeats the same unavailing argument that it presents in section "A" of its motion. As explained above, El-Ad has properly stated a claim for breach of contract and accordingly this Court should deny Westchester's motion to dismiss.  See Vega v. TMobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009).

### F. El-Ad Has Sufficiently Alleged a Cause of Action for Declaratory Judgment

In Count I, El-Ad has alleged a cause of action for a declaratory judgment to determine, among other issues, its entitlement to coverage under Westchester's policy.  As alleged in the Complaint, Westchester has failed to timely adjust, pay and/or settle El-Ad's claim (Complaint at ¶¶ 21, 23, 24).  In its motion to dismiss, Westchester argues that Count I for Declaratory Judgment should be dismissed because (1) El-Ad has not presented proof that Westchester intends to rescind or cancel the policy, and (2) El-Ad has not claimed an ambiguity in the policy. Westchester's arguments are contrary to the standard a district court applies in ruling on a motion to dismiss, and are contrary to the elements required to establish a claim for declaratory judgment.

First, the Complaint adequately pleads a bona fide adverse interest, as required when seeking a declaratory judgment:

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

A party's right to declaratory judgment is controlled by the Declaratory Judgments Act, as stated under section 86.021 of the Florida Statutes. In order to support a claim for declaratory judgment under this provision, a party must allege the following elements:

(1) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff

(2) the plaintiff's doubt about the existence or non-existence of this rights or privileges; and

(3) that he is entitled to have the doubt removed.

Quadomain Condo. Ass'n, 2007 WL 1424596 at *2 (citing Floyd v. Guardian Life Ins. Co. of America 415 So. 2d 103, 104 (Fla. Dist. Ct. 1982)).

Specifically, "[a] bona fide adverse interest" was asserted where plaintiffs claimed "that they were insured . . . under defendant's policy." Floyd, 415 So. 2d at 104; see also Quadomain Condo. Ass'n, 2007 WL 1424596 at *2. Further, "if the insurer's acts regarding coverage make the plaintiff uncertain about its status under the policy, then the plaintiff is entitled to have that status determined." Quadomain Condo. Ass'n, 2007 WL 1424596 at *2 (internal quotation omitted). Notably, the plaintiff is not required to prove the asserted elements at the motion to dismiss stage. Bakki v. City of Daytona Beach, No. 608-CV-1572-ORL28GJK, 2009 WL 1587165 (M.D. Fla. June 5, 2009). Here, contrary to Westchester's argument that El-Ad "has not presented a scintilla of proof that Westchester intended or intends to rescind or cancel the policy," this Court does not determine sufficiency of proof at this stage. El-Ad has, however, alleged that it was insured under Westchester's policy, which sufficiently asserts a bona fide adverse interest. Moreover, El-Ad's allegations that Westchester's actions have raised doubt and insecurity about El-Ad's status under the policy, entitle El-Ad to have that status determined.

Case No. 09-60723-CIV-JORDAN<br>
*El-Ad's Response to Westchester's*<br>
*Motion to Dismiss Counts I, V, VI, and VII*

Second, this Court should also reject Westchester's argument that the Complaint does not allege an ambiguity because such an allegation is not required to plead a cause of action for declaratory judgment. In <u>Quadomain Condominium Association</u>, the insured sought a "declaratory judgment to affirm 'that the Insurance contract is valid and enforceable and that pursuant to [its] terms . . . Quadomain is entitled to property insurance coverage" for damages from Hurricane Wilma. 2007 WL 1424596, at *3. Moving to dismiss the count, QBE, the insurer, argued that Quadomain failed to allege that the policy was ambiguous. <u>Id.</u> at *3-4. The Southern District Court rejected QBE's argument. <u>Id.</u> at *4 ("Court finds that [argument of failure to allege ambiguity] do[es] not bear on whether Quadomain is entitled to survive a motion to dismiss on its claim for a declaratory judgment."). Because Quadomain had alleged that it submitted its claim but QBE failed to investigate, adjust, pay or settle the claim, the court found that the complaint "adequately pled an actual controversy." <u>Id.</u> QBE's failure to act was "sufficient for Quadomain to infer the existence of a dispute to its right to coverage under the insurance policy." <u>Id.</u> Thus, the <u>Quadomain</u> court concluded that the complaint allegations were sufficient to withstand a motion to dismiss.

Similar to the complaint in <u>Quadomain Condominium Association</u>, El-Ad's Complaint is seeking a declaratory judgment to affirm, inter alia, that pursuant to Westchester's policy, El-Ad has a valid and enforceable right to coverage. Like QBE's rejected argument that a count for declaratory judgment should be dismissed for failure to allege an ambiguity, Westchester's argument on the same grounds should be denied in this case. El-Ad claims that it was insured by Westchester's policy, and thus has established a "bona fide adverse interest." Further, Westchester's failure to timely adjust, pay, or settle the claim is sufficient for El-Ad to infer the

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

existence of a dispute of its right to coverage under Westchester's policy. In sum, El-Ad has adequately pled a claim for declaratory judgment. Westchester's motion to dismiss should be denied.

      **G.    El-Ad Has Adequately Pled a Cause of Action for Breach of Implied Warranty of Good Faith and Fair Dealing**

In <u>Amica Mutual Insurance Co. v. Morowitz</u>, 613 F. Supp. 2d 1358 (S.D. Fla. 2009), the Southern District Court sought to reconcile the conflicting decisions from this District regarding pleading a claim of breach of implied warranty of good faith and fair dealing. <u>See generally</u> <u>Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.</u>, 561 F.3d 1267, 1274 (11th Cir. 2009) (certifying to Florida Supreme Court question of whether Florida recognizes claim for breach of implied warranty of good faith and fair dealing based on insurer's failure to investigate and assess insured's claim within reasonable time). The <u>Amica</u> court explained that to survive a motion to dismiss, the plaintiff must allege that a specific contractual provision had been breached. <u>Id.</u> at 1360 (citing <u>Quadomain Condo. Assoc., Inc.</u>, 2007 WL 1424596, at *5). First, "[t]o qualify, such a provision must provide the mechanism by which the insurer must adjust, investigate, settle, or pay claims." <u>Id.</u> For example, in <u>Townhouses of Highland Beach Condominium Association, Inc. v. QBE Insurance Corp.</u>, 504 F. Supp. 2d 1307, 1311 (S.D. Fla. 2007), the complaint alleged that the insurance policy provided that the insurer "will determine the value of the lost or damaged property or the cost of repair and replacement." Thus, the <u>Highland Beach</u> policy provided a mechanism by which the insurer had to adjust, investigate, or pay the claim.

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's
Motion to Dismiss Counts I, V, VI, and VII*

Second, the policy must be silent about the standard for deciding when to settle or defend, rather than expressly grant an "absolute and unlimited discretion concerning such decisions." Amica Mut. Ins. Co., 613 F. Supp. 2d at 1361 (explaining that allegations supporting claim for breach of implied covenant of good faith and fair dealing cannot result in changing express terms of policy). Again, in Highland Beach, 504 F. Supp. 2d at 1311, the plaintiff properly pled the cause of action because although the policy stated that the insurer will determine the value of lost property, the policy was silent about the "time frame for these determinations or other specific conditions about how valuations will be made or replacement cost will be determined, all of which [were] implied terms." 504 F. Supp. 2d at 1311; cf. Amica Mut. Ins. Co., 613 F. Supp. 2d at 1361 (concluding that claim for breach of implied warranty of good faith and fair dealing could not exist because, inter alia, policy was not silent, but expressly gave insurer absolute discretion in making discretionary decision). Notably, a Florida appellate court has recently allowed the insureds to pursue their claims "for breach of the covenant of good faith and fair dealing by an insurer based on the alleged failure of the insurer to investigate and assess the insured's claim within a reasonable time." Citizens Prop. Ins. Co. v. Bertot, Nos. 3D08-2952; 3D08-2467, 2009 WL 1532631 (Fla. Dist. Ct. App. June 3, 2009) (denying Citizens's petition for writ of certiorari following denial of its motion to dismiss).

Here, the Count for breach of implied warranty of good faith and fair dealing expressly alleges that Westchester breached paragraph E.4.g. of Mt. Hawley policy, which is adopted by Westchester's policy. First, paragraph E.4.g. provides for a mechanism by which Westchester must adjust the claim. Second, the Policy does not provide a time frame for these determinations, nor does the Policy define the standards governing Westchester's exercise of

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

discretion, which are therefore implied terms. Thus, El-Ad has sufficiently alleged a breach of an express contractual provision of Westchester's policy that can form the basis of El-Ad's claim for breach of implied warranty of good faith and fair dealing.

Contrary to Westchester's assertion that in Count VII that El-Ad failed to plead a breach of a specific contractual obligation, El-Ad has expressly identified Westchester's breach of paragraph E.4.g. as the basis of its claim in Count VII. (Compl.¶110). Westchester's reference to the Complaint allegation that the policy fails to provide a specific time frame for Westchester to evaluate the claim does not support Westchester's position that the Complaint fails to plead a breach of an express provision. Rather, the policy's failure to define a time-frame meets the requirement that the policy be silent concerning the exercise of insurer's discretionary decision, so that a finding of breach of implied warranty of good faith and fair dealing does not alter express terms of the policy. Thus, Westchester confuses the requirements for sufficiently pleading a cause of action for breach of implied warranty of good faith and fair dealing.

Finally, Westchester argues, albeit in passing, that Count VII should be dismissed because it is duplicative of the breach of contract claims in Counts V and VI. (Mot. to Dismiss at 16), This argument also fails because in Count VII, El-Ad has alleged that Westchester breached its implied warranty of good faith and fair dealing by, among others, failing to reasonably value the damage and failing to reasonably determine the repair or replacement costs, where paragraph E.4.g. grants Westchester the discretion to value the damage and determine the costs. In contrast, Counts V and VI allege that Westchester failed to pay the Actual Cash Value and the Replacement Cost Value. Count VII thus alleges facts "sufficient and separate from those supporting the general breach of contract [] claims." Amica Mut. Ins. Co., 613 F. Supp. 2d

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

at 1362. In sum, Count VII should survive the Motion to Dismiss because El-Ad has adequately stated a claim for breach of implied warranty of good faith and fair dealing.

## *CONCLUSION*

For the reasons set forth above, El-Ad respectfully requests that the Court deny Westchester's Motion to Dismiss.

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY** that on August 5, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        KATZMAN GARFINKEL ROSENBAUM, LLP
        Counsel for Plaintiff
        One Clearlake Centre
        250 Australian Avenue South, Suite 500
        West Palm Beach, Florida 33401
        (561) 653-2900; Facsimile No. (561) 820-2542
        drosenbaum@kgrlawfirm.com
        mkeegan@kgrlawfirm.com
        ybatres@kgrlawfirm.com

BY:   ss/Mark G. Keegan

        DANIEL S. ROSENBAUM
        Florida Bar No. 306037
        MARK G. KEEGAN
        Florida Bar No. 503371
        YELIZAVETA A. BATRES
        Florida Bar No. 40647

*(Service List follows)*

Case No. 09-60723-CIV-JORDAN
*El-Ad's Response to Westchester's*
*Motion to Dismiss Counts I, V, VI, and VII*

<u>*Service List:*</u>

*Counsel for Mt. Hawley Insurance Co.*
Thomas E. Tookey, Esq.
tetookeylaw@bellsouth.net
T.E. Tookey P.A
11776 W Sample Rd Ste 103
Coral Springs, Florida 33065-3159
(954) 344-4441; fax (954) 344-4405

*Counsel for Westchester Surplus Lines*
William S. Berk, Esq.
Wberk@berklawfirm.com
Melissa M. Sims, Esq.
msims@berklawfirm.com
Scott M. Janowitz, Esq.
sjanowitz@berklawfirm.com
Berk, Merchant & Sims, PLC
2100 Ponce De Leon Blvd., Ph-1
Coral Gables, Florida 33134
(786) 338-2876; fax (786) 338-2900

*730503*